Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| ROSA LYDIA VÉLEZ y OTROS **Recurrida** V. DEPARTAMENTO DE EDUCACIÓN DE P.R., y OTROS **Peticionario** | KLCE202401015 | *CERTIORARI* procedente del Tribunal de Primera Instancia San Juan Caso Núm: K PE1980-1738 Sobre: Interdicto Preliminar y Permanente |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de septiembre de 2024.

I.

El 19 de septiembre de 2024, el Gobierno de Puerto Rico por sí y en representación del Departamento de Educación de Puerto Rico (DEPR) compareció ante nos mediante *Petición de Certiorari* y solicitó la revisión de una Orden de Mostrar Causa que se emitió y notificó el 16 de septiembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Mediante el aludido dictamen, el TPI le ordenó a la Secretaria de Educación, la Dra. Yanira Raíces Vega, a comparecer, el 20 de septiembre de 2024 a las 9:00am, al Tribunal para mostrar causa por la cual no debía ser encontrada incursa en desacato. Ello, ante la falta de asignación de fondos que tendría el efecto de cancelar servicios dirigidos a los y las estudiantes del Programa de Educación Especial. Puntualizó que ello incumpliría con las estipulaciones relacionadas directamente con los servicios y procesos garantizados por la Sentencia por estipulación.

Número Identificador

RES2024 _____

Inconforme con este dictamen, el 19 de septiembre de 2024, el DEPR presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> **Erró el Honorable Tribunal de Primera Instancia al emitir una Orden de Mostrar Causa bajo apercibimiento de desacato para que la Dra. Yanira Raíces Vega, Secretaria del Departamento de Educación de Puerto Rico (DEPR), comparezca a una vista en el caso de epígrafe el 20 de septiembre de 2024, y a los efectos que presente su testimonio, sin que previamente se hubiera acreditado la relevancia y pertinencia del mismo, ni circunstancias excepcionales que demuestren que la información que se solicita no se podía obtener por otros medios menos onerosos o por conducto de otro funcionario de menor jerarquía.**

Cabe precisar que, junto al recurso de epígrafe, el peticionario presentó una *Urgente Solicitud de Orden de Auxilio de Jurisdicción* en la cual solicitó que dejáramos sin efecto la *Orden de Mostrar Causa* que emitió el TPI el 16 de septiembre de 2024 en contra de la señora Raíces. Argumentó que la referida orden era improcedente ya que exigía que esta última mostrara causa por la cual no debía ser incursa en desacato ante la falta de asignación de fondos al DEPR. Luego de un estudio detenido del expediente ante nuestra consideración, resolvemos declarar No Ha Lugar la solicitud de auxilio de jurisdicción. Cabe resaltar que el dictamen recurrido se emitió y notificó el 16 de septiembre de 2024 y no fue hasta el 19 de septiembre de 2024 que el DEPR compareció ante nos mediante la referida solicitud de auxilio de jurisdicción. Entiéndase, un día antes de la citación de la señora Raíces que está programada para el 20 de septiembre de 2024.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla (7)(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 7.

II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establece lo siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

III.

Luego de evaluar el recurso de epígrafe, a la luz de la totalidad del expediente, y a los criterios que emanan de la Regla 40 de nuestro Reglamento, *supra*, no surge que el foro primario actuara con parcialidad, que incurriera en abuso de discreción o que

emitiera un dictamen contrario a derecho. Consecuentemente, determinamos denegar el recurso de epígrafe.

IV.

Por los fundamentos previamente expuestos, **denegamos** el recurso de *certiorari* y declaramos **No Ha Lugar** la *Urgente Solicitud de Orden de Auxilio de Jurisdicción.* En consecuencia, devolvemos el caso al TPI para la continuación de los procedimientos conforme a lo aquí resuelto.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones